(Superior Court of Cincinnati·)

THE CITY OF CINCINNATI, a municipal corporation for the use of WM. B. VAN SANDT and CHAS. H. MEEDS, partners under the name of VAN SANDT & MEEDS, v. ROBERT W. KENNEDY, trustee under the will of CHARLES BREARLEY, deceased.

---

Where a sewer has been constructed and assessment made for the same by the front foot and the assessment declared payable in one installment, if such assessment exceeds one-tenth of the value of the property after the improvement has been made, such excess is not void, but merely not collectible at the time designated in the assessing ordinance, and is collectible in a future year or years (as the case may require); provided that the amount collected for each year does not exceed one-tenth of the value of the property.

---

This case was submitted upon the following agreed statement of facts:

Plaintiff and defendant respectfully present to the court a submission of the following controversy between them, and agree upon the following case, to-wit:

The plaintiff claims to recover of the defendant, the sum of two hundred and twenty-four dollars and eighty cents, ($224.80), with interest thereon from the 9th day of November, 1896, on the following facts:

The city of Cincinnati is a municipal

corporation of the first grade of the first class under the laws of Ohio.

On the 3rd day of October, 1895, the Board of Administration of said city duly passed and transmitted to the Board of Legislation with recommendation for passage, a resolution declaring it necessary to improve Dreman avenue with other connected streets, making a complete sewer in that locality; that afterwards, to-wit: on the 18th day of October, 1895, the B. of L. of said city, duly passed a resolution declaring it necessary to improve said Dreman avenue with other streets aforesaid, and afterwards, to-wit: on the 27th day of December, 1895, the said B. of L. of said city, two-thirds of the members concurring therein, duly passed an ordinance to improve said street by sewering in accordance with the plans and specifications on file at the office of the engineer of said city, which ordinance provided, among other things, that the expenses of said improvement and the damages due on account thereof, to the amount allowed by law to be assessed per front foot upon the property bounding and abutting upon said improvement according to the laws and ordinances on the subject of assessments; the assessments therefor to be payable in one installment and to be certified to the contractor in payment for the work, and all expenses of such improvement above the amount allowed by law to be assessed, shall be paid out of the trunk sewer fund under the provisions of an act of the General Assembly of the state of Ohio, passed March 12, 1887, entitled "An Act for the construction of trunk sewers in cities of the first grade of the first class," and the Acts amendatory thereof and supplementary thereto, and that subsequently, said assessment was so assigned and transferred and certified to Van Sandt & Meeds in payment for said work; that afterwards, on the 27th day of February, 1896, in pursuance of advertisements for proposals, bids were received for the construction of said sewers, and that said Van Sandt & Meeds were the lowest bidders.

That afterwards, on the 9th day of March, 1896, a resolution to contract between said Van Sandt & Meeds and said city, was duly passed by the B of A., and said contract was signed on June 20, 1896, by said parties; said work was completed and accepted by the said city. On November 9, 1896, the B. of A. of said city duly passed an ordinance assessing a special tax on all property bounding and abutting on said streets, in the sum of two ($2.00) dollars per front foot. All of said resolutions and ordinances were duly published according to law; that the defendant, as such trustee, was, at the time of the passage of said assessing ordinance, and still is,

the owner of the following described real estate:

"Being lots numbers 104 and 105 in C. E. Williams' subdivision, as the same appears of record in Plat Book 1, p. 124, of the Recorder's office of Hamilton county, Ohio, said premises fronting 112 40-100 feet on the north side of Dreman avenue."

The assessment of $2.00 per front foot against the above premises amounts to the sum of $224.80; that said assessment was due and payable on the 9th day of November, 1896; that the value of the said lots after said improvement was made, is $600.00.

The defendant has paid to plaintiff, the sum of sixty dollars, ($60.00) the same by agreement to be in full if defendant is not liable, by reason of said assessment, for any larger sum, and to be on account if the defendant is so liable.

The question submitted is, whether the defendant is liable for any further part of said sum of $224.80, in excess of said $60.00 already paid, and if so, for how much.

It is agreed, that if the defendant is so liable, that the plaintiff has a lien to secure such sum upon the above described property.

SMITH, J.:

Resistance to the payment of any amount greater than $60.00, is based upon the contention that where a sewer has been constructed and assessment made for the same by the front foot and the assessment declared payable in one installment, if such assessment exceeds one-tenth (1-10) of the value of the property after the improvement has been made, such excess beyond said one-tenth is void and the amount of the same lost to the city. On the other hand, the contention of the city is, that the excess beyond the one-tenth is not void but is merely not collectible at the time designated in the assessing ordinance, and is collectible in a future year or years, (as the case may require), provided that the amount collected for each year does not exceed one-tenth of the value of the property.

The statute prescribes three modes of assessment for the construction of sewers; (1) according to benefits, (2) according to valuation, and (3) according to the abutting or front foot; sec. 2264, 2382, 2383, 2385.

When the assessment is according to benefits, three judicious freeholders of the corporation are appointed whose duty it is to make the assessment; their report is duly filed and thereupon opportunity is given to those objecting to be heard upon their objections.

When the assessment is according to valuation, the assessed valuation of the property for taxation purposes is the

basis upon which the assessments are made.

When the assessment is by the abutting or front foot, the method of arriving at the amount of the assessment per foot, consists in dividing the total cost of the work by the number of feet to be assessed.

In the present case the assessment was by the front foot.

The proposition of the defendant is, that if by an error of judgment as to the valuation of a certain piece of property the municipal authorities make the number of installments in which an assessment is to be paid less than they should be, that the municipality is to be punished by having the excess over one-tenth in each installment declared void. If such a serious result were intended by the legislature to follow from an error of judgment in this respect, it seems to me, that the legislature at least, would have made some provision for a preliminary investigation as to the value by the municipal authorties; and the circumstance that no such provision is made, is significant to my mind that no such serious result as the partial destruction of what would otherwise be a perfectly valid assessment was within the contemplation of the legislature.

The language of sec. 2271, upon which the defendant bases his contention, is, itself significant against the contention. Thus it is declared:

"In cities of the first grade of the first class, and in corporations in counties containing a city of the first grade of the first class, the tax assessment especially levied or assessed upon any lot or land for any improvement shall not, except as provided in sec.2272, exceed twenty-five per centum of the value of such lot or land after the improvement is made and the cost exceeding that per centum shall be paid by the corporation out of its general revenue; and except as provided in section twenty-two hundred and seventy-two, there shall not be *collected* of such assessment in any one year more than one-tenth of such value of the property on which the assessment is made."

Section 2272, relates to assessments made upon petition of the property holders, and has no relevancy to this case.

It will be observed from the language of the section quoted that it declares the assessment shall not exceed twenty-five per centum of the value of the land;—the necessary inference from which declaration is, that such excess, if any, is void; but with respect to the provision that the assessment for any one year shall not be greater than one-tenth of the value of the property, it is declared "there shall not be collected of such assessment in any one year, more than one-tenth of the value of the property;" and it seems to me that the statute should

be given the natural construction of its lanuage and one that does justice to all parties and that the invalidity of any assesment beyond one-tenth, is only as to its collection in one year and not to the assessment itself.

It is urged, however, that to give the statute this construction would result in a want of uniformity in the assessment inasmuch as with respect to some pieces of property the enitre assessment might be collected as made, in others it would not, but the collection of part would necessarily be postponed. I do not think such a result would destroy the uniformity of the assessment in the sense in which that word is used in this state. The assessment having been levied upon all property by the same method, viz. in this case by the front foot, and the right to claim exemptions from a collection of more than one-tenth in any year applying to all property, it follows that all property is treated by the same rules and the assessments would not be void for want of uniformity.

I am of the opinion that the irregularity in this case is one such as is intended to be provided for in the curative sec's. 2289 and 2327; and that inasmuch as it is conceded that the cost of the work is reasonable, the order of the court should be, that the assessment be paid in two annual installments of sixty dollars each, and a third annual installment of thirty dollars and that the plaintiff pay the costs of the proceeding.

Archer & Osler, Ellis G. Kinkead, Corporation Counsel, for plaintiff.

H. P. Kauffman, for defendant.